**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**JASPER DIVISION**

| | |
|---|---|
| MELISSA ANN BENEFIELD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 6:17-cv-00072-SGC |
| ) | |
| SOCIAL SECURITY ADMINISTRATION, ) | |
| COMMISSIONER, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION**[1]

Plaintiff Melissa Ann Benefield appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Disability Insurance Benefits ("DIB"). (Doc. 1). Plaintiff timely pursued and exhausted her administrative remedies, and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). For the reasons stated below, the Commissioner's decision is due to be reversed and remanded.

### I. FACTS, FRAMEWORK, AND PROCEDURAL HISTORY

Plaintiff was forty-seven years old at the time of the Administrative Law Judge's ("ALJ's") decision. (R. 19, 199). She has a high school education and speaks English. (R. 19, 201, 203). Her past relevant work includes work as a chemical processing technician. (R. 18, 204). This job is classified as heavy, semi-skilled with specific vocational preparation. (R. 18). Plaintiff claimed an onset date of June 14, 2013, and stated she had not engaged in substantial gainful activity ("SGA") since that time. (R. 12, 13, 203).

---

[1] The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). (Doc. 10).

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920; *Doughty v. Apfel,* 245 F.3d 1274, 1278 (11th Cir. 2001). The first step requires a determination whether the claimant is performing SGA. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in SGA, he or she is not disabled and the evaluation stops. *Id*. If the claimant is not engaged in SGA, the Commissioner proceeds to consider the combined effects of all the claimant's physical and mental impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). These impairments must be severe and must meet durational requirements before a claimant will be found disabled. *Id*. The decision depends on the medical evidence in the record. *See Hart v. Finch,* 440 F.2d 1340, 1341 (5th Cir. 1971). If the claimant's impairments are not severe, the analysis stops. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Otherwise, the analysis continues to step three, at which the Commissioner determines whether the claimant's impairments meet the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairments fall within this category, the claimant will be found disabled without further consideration. *Id.* If the impairments do not fall within the listings, the Commissioner determines the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e).

At step four the Commissioner determines whether the impairments prevent the claimant from returning to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, he or she is not disabled and the evaluation stops. *Id.* If the claimant cannot perform past relevant work, the analysis proceeds to the fifth step, at which the Commissioner considers the claimant's RFC, as well as the claimant's age, education, and past work experience, to determine whether he or she can perform other work.

*Id.*; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can do other work, he or she is not disabled. *Id.*

Applying the sequential evaluation process, Administrative Law Judge ("ALJ") Michael L. Levinson found Plaintiff had not engaged in SGA since the alleged onset of her disability. (R. 13). At step two, the ALJ found Plaintiff suffered from the following severe impairments: degenerative disc disease of the lumbar spine and morbid obesity. (R. 13-14). Although the ALJ considered her hypertension and borderline diabetes, he found they were not severe because they did not meet the durational requirement or were adequately controlled by medication. (R. 14). Additionally, the ALJ found Plaintiff's alleged depression was not a medically determinable impairment because her allegations of a depressive disorder were not corroborated by the record evidence. (*Id.*).

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments meeting or medically equaling any of the listed impairments. (R. 14). Before proceeding to step four, the ALJ determined Plaintiff had the RFC to perform sedentary work as defined in 20 CFR § 404.1567(a) with the following limitations:

> She can lift and carry items weighing up to 20 pounds occasionally and 10 pounds frequently, sit for four hours and stand and/or walk for four hours in a normal eight-hour workday. She can occasionally climb, balance, stoop, kneel, crouch, and crawl.

(*Id.*).

At step four, the ALJ determined Plaintiff was unable to perform any of her past relevant work. (R. 18). Because the Plaintiff's RFC did not allow for the full range of sedentary work, the ALJ relied on the testimony of a vocational expert ("VE") as evidence for finding a significant number of jobs in the national economy Plaintiff can perform. (R. 19). The ALJ concluded by finding Plaintiff was not disabled at the fifth step. (*Id.*).

## II. STANDARD OF REVIEW

A court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Stone v. Comm'r of Soc. Sec.*, 544 F. App'x 839, 841 (11th Cir. 2013) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)). A court gives deference to the factual findings of the Commissioner, provided those findings are supported by substantial evidence, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

Nonetheless, a court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if a court finds that the proof preponderates against the Commissioner's decision, it must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400 (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

No decision is automatic, for "despite th[e] deferential standard [for review of claims], it is imperative that th[is] Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987) (citing *Arnold v.*

*Heckler*, 732 F.2d 881, 883 (11th Cir. 1984)). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

## III. DISCUSSION

Plaintiff argues the ALJ's decision should be reversed and remanded for four reasons: (1) the ALJ failed to show good cause for rejecting the opinions of Dr. Givhan, her treating physician; (2) the ALJ erred in his consideration of the opinion of consulting physician Dr. Moizuddin; (3) the ALJ failed to assign any weight to the opinions of Dr. Washington, her primary care physician; and (4) the ALJ's stated reasons for rejecting Plaintiff's pain testimony are not supported by substantial evidence. (Doc. 11 at 17-38). Because the third issue is sufficient to require remand, the court does not address Plaintiff's remaining arguments.

The ALJ must state the weight given to different medical opinions and the reasons therefor. *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987). "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). Therefore, when the ALJ fails to "state with at least some measure of clarity the grounds for his decision," the court will decline to affirm "simply because some rationale might have supported the ALJ's conclusion." *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984). In such a situation, "to say that [the ALJ's] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Cowart*, 662 F.2d at 735 (quoting *Stawls v. Califano*, 596 F.2d 1209, 1213 (4th Cir. 1979)) (internal quotation marks omitted).

Plaintiff argues the ALJ erred in not stating the weight he was giving to the treatment notes and records from Dr. Washington and relies on *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d. 1176, 1178-79 (11th Cir. 2011), in support of her argument. (Doc. 11 at 28-29). In *Winschel*, the Eleventh Circuit held where an ALJ does not clearly articulate the weight given to a medical opinion, remand is required. *Winschel*, 631 F.3d at 1179. The Eleventh Circuit noted the ALJ did not examine the provider's medical opinion but instead referenced the medical opinion in question only once and that reference simply noted the claimant saw the provider on a monthly basis. *Id*. Thus, the Eleventh Circuit found it could not "determine whether the ALJ's conclusions were rational and supported by substantial evidence." *Id*. Defendant contends the facts in *Wincshel* are distinguishable from those in the instant case and argues the ALJ discussed the treatment records from Dr. Washington in sufficient detail to show he considered the medical information from Dr. Washington in making his determination. (Doc. 14 at 10-12).

Dr. Washington is Plaintiff's primary care physician. (R. 362). He has treated her since January 2014 for chronic lower back pain and determined she suffered from degenerative arthritis and neuropathy. (R. 362, 398). While the ALJ accurately summarized the treatment notes from Dr. Washington in the body of his decision, the ALJ did not state with particularity the weight assigned to Dr. Washington's opinion or the reasons why he may have discarded his opinion. (R. 16-17). As such, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Cowart*, 662 F.2d at 735. Because the ALJ failed to articulate the weight given to Dr. Washington's opinions, the Commissioner's decision is due to be revered and remanded. *Winschel*, 631 F.3d at 1179; *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 962-63 (11th Cir. 2015).

## IV. CONCLUSION

Upon review of the administrative record and the briefs of the parties, the court finds the Commissioner's decision is not supported by substantial evidence and did not apply the correct legal standards. Accordingly, the Commissioner's decision is due to be reversed and remanded for further consideration. A separate order will be entered.

**DONE** this 12th day of March, 2018.

_____
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE